UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PAUL PRENTICE, et al., | No. 2:25-cv-01276-DJC-CKD (PS) |
| Plaintiffs, | ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| WELLS FARGO BANK NA., et al., | (ECF Nos. 13, 16) |
| Defendants. | |

Plaintiffs Jean-Paul Prentice and Virginia G. Prentice proceed without counsel and seek relief under the Truth in Lending Act (15 U.S.C. § 1601, et seq.).[1] Presently before the Court is defendants Leaf Filter North, LLC and Leaf Filter Int'l, Inc.'s ("Leaf Filter") motion to dismiss. (ECF No. 13.) Defendant Wells Fargo Bank NA. ("Wells Fargo") has requested to join in the motion to dismiss. (ECF No. 16.) This motion is fully briefed. (See ECF Nos. 29-31.) The Court took the matter under submission without oral argument pursuant to Local Rule 230(c). (ECF No. 18.) For the reasons set forth below, defendants' motion should be GRANTED.

**I.   Background**

**A.  Procedural Background**

Plaintiffs initiated this action by filing a Complaint on May 5, 2025. (ECF No. 1.) On June

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

23, 2025, plaintiffs paid the filing fee for this action. (See Docket.) Defendants Leaf Filter filed a motion to dismiss and a request for judicial notice on July 14, 2025. (ECF Nos. 13, 14.) Defendant Wells Fargo joined in the motion to dismiss on July 24, 2025. (ECF No. 16.) On August 5, 2025, the Court vacated the hearing on the motion to dismiss because plaintiffs had not filed an opposition. (ECF No. 18.) Plaintiffs filed multiple requests for extensions of time to file an opposition (ECF Nos. 20, 22), which the Court granted (ECF Nos. 21, 23). On October 14, 2025, plaintiffs filed an opposition. (ECF No. 29.) Defendants Leaf Filter filed a reply (ECF No. 30) and defendant Wells Fargo joined in the reply (ECF No. 31). Plaintiffs filed an additional "reply" to defendants' replies.[2] (ECF No. 32.) Plaintiff also filed a request for judicial notice (ECF No. 24) and defendant Wells Fargo objected (ECF No. 25).

### B. The Complaint

In the Complaint, plaintiffs allege that defendant Leaf Filter North "deprived plaintiffs of the three day recission period provided in the Truth in Lending Act (TILA) or Regulation Z, and the five-day recission period provided for in the contract between the parties, because the work was schedule[d] during the recission period." (ECF No. 1 at 7.) Plaintiffs also allege defendant Leaf Filter North did not provide either plaintiff with two copies of the Notice of Recission forms required by the TILA and scheduled work on April 22, 2024, the first day of the recission period. (Id.) Defendant Leaf Filter North received $7,999 from defendant Wells Fargo and refused to rescind the contract despite plaintiff's notice of recission on May 31, 2024. (Id.) Defendant Wells Fargo was advised that Leaf Filter North deprived plaintiffs of the recission period, but Wells Fargo continues to attempt to collect $7,999 plus additional fees and costs. (Id.) Plaintiffs also list 12 C.F.R. § 226, et seq. and "Article III, Section I, 14th Amendment" as a basis for federal jurisdiction. (Id. at 4.) Plaintiffs seek damages, including for costs for prosecuting their claim in

---

[2] Plaintiffs have filed an additional reply, called a surreply, to defendants' motion to dismiss after the motion had been fully briefed. (ECF No. 32.) A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). This surreply was filed without leave of court. The Court has reviewed the surreply and notes that it is substantially similar to plaintiffs' opposition. Accordingly, the Court will not consider plaintiffs' surreply.

2

1  the California Superior Court, Small Claims division. (Id. at 7.)

2  **II.    Legal Standards**

3  Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6)." Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1125 (N.D. Cal. 2011) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)). Res judicata may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact. Scott, 746 F.2d at 1378.

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters of public record. Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 n.7 (9th

3

1  Cir. 2010) (liberal construction appropriate post-Iqbal). Prior to dismissal, a court shall inform the
2  plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it
3  appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31
4  (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill
5  v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

6  **III.   Discussion**

7  Defendants are moving to dismiss plaintiffs' complaint based on res judicata and argue
8  that plaintiffs are attempting to relitigate their claims that were already adjudicated by the small
9  claims court. (ECF No. 13 at 3; see ECF No. 14.) Plaintiffs do not argue that the case in small
10 claims court is based on different claims than those alleged in this Court, but rather argue that in a
11 small claims court case where plaintiffs have no right to appeal, the small claims judgment is not
12 final, and cannot be given res judicata effect. (ECF No. 29 at 3.)

13 **A. Defendant Wells Fargo's Joinder in Leaf Filter's Motion to Dismiss**

14 Defendant Wells Fargo filed a joinder in Leaf Filter's motion to dismiss and reply to the
15 motion to dismiss. (ECF Nos. 13, 31.) "Allowing one party to join another party's motion is a
16 matter well within the district court's substantial case management discretion." Apothio, LLC v.
17 Kern Cnty., 599 F. Supp. 3d 983, 1002 (E.D. Cal. 2022) (citing United States ex rel.
18 Ambrosecchia v. Paddock Lab'ys, LLC, 855 F.3d 949, 956 (8th Cir. 2017)). The court will allow
19 a party to join in a motion when either (1) "the parties are so similarly situated that filing an
20 independent motion would be redundant," or (2) "the party seeking joinder specifically points
21 out: which parts of the motion apply to the joining party, the joining party's basis for standing,
22 and the factual similarities between the joining party and moving party that give rise to a similar
23 claim or defense." Grover Prods. LLC v. Air Horns of Texas, LLC, 2025 WL 2855904, at *7
24 (C.D. Cal. Oct. 6, 2025) (citing Tatung Co., Ltd. v. Shu Tze Hsu, 217 F. Supp. 3d 1138, 1151
25 (C.D. Cal. 2016)).

26 Wells Fargo argues that it joins in Leaf Filter's motion to promote judicial efficiency
27 because the allegations in the Complaint against Wells Fargo are essentially the same as the
28 allegations against Leaf Filter, and the arguments made in Leaf Filter's motion to dismiss are

essentially the same as the arguments Wells Fargo would make. (Id. at 2.) The Court finds that joinder in this case is appropriate.

### B. Requests for Judicial Notice

Defendant Leaf Filter asks the court to take judicial notice of various court filings in Prentice v. LeafFilter North LLC, et al., Case No. 24SC000591 (hereinafter "prior case No. 24SC000591"), plaintiffs' prior case in the Sacramento County Superior Court, Small Claims Court. (ECF No. 14.) The court grants the request and takes judicial notice of the court filings in plaintiffs' prior case No. 24SC000591. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (internal quotation omitted)).

Plaintiffs also filed a request for judicial notice, and request the Court take judicial notice of the fact that an individual named Savannah Page, an attorney for defendant Wells Fargo, took part in the case in small claims court. (ECF No. 24.) Defendant Wells Fargo filed objections. (ECF No. 25.) Under Federal Rules of Evidence 201, the court may judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In support of plaintiffs' request, they attached the "case register" from prior case no. 24SC000591 in the Sacramento County Superior Court. (ECF No. 24.) This document does not contain the name Savannah Page. Further, plaintiffs have not demonstrated that this fact is generally known within the trial court's jurisdiction or that it can be accurately determined from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201. Accordingly, plaintiffs' request for judicial notice is denied.

### C. Res Judicata/Claim Preclusion

Res judicata is an affirmative defense available by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Scott, 746 F.2d at 1378. Under the Full Faith and Credit Clause of the United States Constitution, federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was

rendered." White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012) (citing Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984)); see U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. "[T]o determine the preclusive effect of [a] California state court decision, [the court applies] California law." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007); see also Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002) (claim preclusion is known as res judicata under California law and "describes the preclusive effect of a final judgment on the merits").

Res judicata is premised on the principle that "the party to be affected, or some other with whom he is in privity" has previously litigated the same issue and "should not be permitted to litigate it again . . . ." Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1064-65 (1998). Like other jurisdictions' claim preclusion doctrines, California res judicata bars any claim that could have or should have been litigated in the prior action. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). Res judicata "precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." Adam Bros. Farming v. Cnty. of Santa Barbara, 604 F.3d 1142, 1148-49 (9th Cir. 2010).

### 1. Same Claims

To determine whether a party is litigating the same claims for purposes of res judicata in California, courts apply the "primary rights" theory. See Furnace v. Giurbino, 838 F.3d 1019, 1024 (9th Cir. 2016). Two claims or causes of action are considered the same claim if they arise from "the same invasion of a primary right." Adam Bros. Farming, 604 F.3d at 1149 (citation omitted). A "primary right" is the "right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." Id. (citations omitted). Thus, res judicata focuses on the underlying harm suffered—not the cause(s) of action asserted. See Furnace, 838 F.3d at 1024; see also Crowley v. Katleman, 8 Cal. 4th 666, 682 (1994) ("[T]he violation of a single primary right gives rise to but a single cause of action."). "Consequently, 'if two actions involve the same injury to the plaintiff and the same wrong by the defendant[,] then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks

1  different forms of relief and/or adds new facts supporting recovery.'" Frank v. Ocwen Loan
2  Servicing, LLC, 2017 WL 8116460, at *4 (C.D. Cal. Mar. 30, 2017) (quoting Furnace, 838 F.3d
3  at 1024).

4      As an initial matter, the Court notes that defendants do not apply the "primary right"
5  analysis but rather analyze whether the claims are based on the same common nucleus of
6  operative facts. (See ECF No. 13 at 5.) The proper test under California law is the primary rights
7  analysis, which is what the Court will apply here. See Furnace, 838 F.3d at 1024. Here, plaintiff
8  Jean-Paul brought his claim in small claims court in the Sacramento County Superior Court,
9  alleging defendant Leaf Filter violated the Truth in Lending Act by depriving plaintiff of the
10 "right to cancel period" by scheduling work during the cancellation period. (ECF No. 14-2 at 3.)
11 Plaintiff also stated that scheduling work during the cancellation period violated the "prohibited
12 acts until recission period ends" of the Federal Truth in Lending Act. (Id.) Plaintiff further stated
13 that defendant did not provide a written waiver of notice to cancellation from plaintiff in
14 accordance with California Civil Code section 1689.4-1689.14. (Id.) Plaintiff Jean-Paul alleged
15 that $7,990 was financed through defendant Wells Fargo. (Id.)

16     Plaintiffs' claim in this Court involves the same injury to plaintiffs and the same wrong by
17 defendants as plaintiff Jean-Paul's case in state court. See Frank, 2017 WL 8116460, at *4. In this
18 Court, plaintiffs are alleging that defendant violated the Truth in Lending Act by depriving
19 plaintiffs of the proper recission period, and by scheduling work during the recission period. (See
20 ECF No. 1 at 7.) Further, plaintiffs in this case seek almost the same amount of money from
21 defendant Wells Fargo as was sought in the small claims court: $7,990 compared to $7,999. (ECF
22 No. 1 at 7; ECF No. 14-2 at 3.) Accordingly, plaintiffs' claim in this Court are based on the same
23 primary right as the claim in the small claims court and the same claims element is met.

24         **2. Same Parties**

25    Res judicata requires that the parties before the court be identical or in privity with the
26 parties to prior litigation. See Janson v. Deutsche Bank Nat. Tr. Co., 2015 WL 1250092, at *9
27 (Mar. 18, 2015) (citing Mycogen, 28 Cal. 4th at 896-97). Privity includes "a mutual or successive
28 relationship to the same rights of property, or to such an identification in interest of one person

with another as to represent the same legal rights." Id. (citations omitted); see also DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015) ("In this context, a party is one who is directly interested in the subject matter, and had a right to make a defense, or to control the proceeding, and to appeal from the judgment." (internal quotes omitted)).

Here, the defendants in this action are the same as the defendants in the small claims court action. Plaintiff Jean-Paul is also the same in both actions. However, plaintiff Virginia G. Prentice was not a party to the small claims court case. Defendants state that Jean-Paul and Virginia are husband and wife. (ECF No. 13 at 7.) In the Deed of Trust attached to plaintiff Jean-Paul's "request for court order and answer" filed in the small claims court that this Court took judicial notice of, it states that Jean-Paul and Virginia are husband and wife. (ECF No. 14-1 at 6.) Defendants argue that Virginia is in privity with Jean-Paul because she does not allege any additional damages than those claimed by Jean-Paul, she has identical legal rights to him in relation to the facts of this case, she had not participated in the work contract and subsequent attempt at recission, and the claims she asserts derive exclusively from claims asserted by Jean-Paul. (ECF No. 13 at 7.) The Court agrees. The Court finds that plaintiff Virginia Prentice is in privity with plaintiff Jean-Paul Prentice. See Janson, 2015 WL 1250092, at *9. Accordingly, the second element is satisfied.

### 3. Final Judgment on the Merits

A final judgment on the merits is one where "no further judicial act remains to be done to end the litigation." Frank, 2017 WL 8116460, at *6 (quoting People v. Scott, 85 Cal. App. 4th 905, 919 (2000)). A small claims court judgment on the merits is final and entitled to preclusive effect under California law. Sommer v. City of Redondo Beach, 2019 WL 2970835, at *5 (C.D. Cal. Mar. 12, 2019) (citing Hawkins v. Bewley Allen Cadillac, 959 F.2d 240 (9th Cir. 1992) (unpublished opinion); Sanderson v. Niemann, 17 Cal. 2d 563, 573 (1941)). A natural person may choose to bring an action in small claims court instead of superior court if the amount of the demand does not exceed $12,500. Cal. Civ. Proc. Code § 116.221. A plaintiff who "elects to proceed in the small claims court is finally bound by an adverse judgment" and gives up the right to appeal a judgment entered against him. Parada v. Claims Court, 70 Cal. App. 3d 766, 769

(1977); see Cal. Civ. Proc. Code § 116.710(a). This is because "[a] small claims court plaintiff, taking advantage of the speedy, inexpensive procedures and other benefits of that court, accepts all of its attending disadvantages such as the denial of the right to an attorney or to an appeal." Cook v. Superior Court, 274 Cal. App. 2d 675, 677-78 (1969). This is true "even where [the plaintiff] can demonstrate the small claims court clearly erred as a matter of law." Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1380 (2004).

Here, a notice of entry of judgment against plaintiff Jean-Paul in small claims court was entered on March 26, 2025. (ECF No. 14-3 at 2.) The court specified that "Plaintiff accepted the work and did not seek to rescind the contract until the rescission period had expired, by which time it was too late." (Id.) Plaintiff Jean-Paul filed a request to correct or cancel judgment and answer on April 24, 2025. (ECF No. 14-4.) Plaintiff received a notice of rejection on April 28, 2025, stating that his document was being returned because he cannot appeal his own case. (ECF No. 14-5 at 2.) On May 1, 2025, an order on request for court order was issued, denying plaintiff Jean-Paul's request because he was seeking an appeal of the Court's judgment which was not permitted. (ECF No. 14-6 at 2.)

Plaintiffs argue that because there was no right to appeal in small claims court, the small claims court judgment was not final. (ECF No. 29 at 3 (citing Sandoval v. Superior Court, 140 Cal. App. 3d 932 (1983)).) However, the case plaintiffs cite is not supportive of this proposition. In Sandoval, the court held that a pending appeal of a trial court judgment is not final, "once the appeal is settled favorably to the plaintiff and thereafter dismissed" the trial court judgment is sufficiently final. 140 Cal. App. 3d at 936-37. Further, plaintiff Jean-Paul's small claims court judgment was a final judgment on the merits, and is entitled to a preclusive effect. See Sommer, 2019 WL 2970835, at *5.

Accordingly, the final judgment in plaintiffs' small claims court case is sufficient to satisfy the third element.

IV.   **Conclusion**

Because plaintiffs' claims are barred by res judicata and cannot be saved by amendment, the undersigned recommends dismissing all claims without leave to amend. See Cruz v. Select

9

Portfolio Servicing, Inc., 2019 WL 2299857, at *5 (N.D. Cal. May 30, 2019) (finding leave to amend to be futile when case was dismissed based on res judicata).

Plaintiffs also filed a motion for trial to the court. (ECF No. 3.) In light of the recommendation to dismiss plaintiffs' claims without leave to amend, the Court denies plaintiffs' motion as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Leaf Filter North, LLC and Leaf Filter Int'l, Inc.'s request for judicial notice (ECF No. 14) is GRANTED;
2. Plaintiffs' request for judicial notice (ECF No. 24) is DENIED; and
3. Plaintiffs' motion for trial to the court (ECF No. 3) is DENIED as moot.

Further, IT IS RECOMMENDED that defendants Leaf Filter North, LLC and Leaf Filter Int'l, Inc., and Wells Fargo's motions to dismiss (ECF No. 13; ECF No. 16) are GRANTED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 11, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pren.1276.25